Jorge RAFAEL RICO, Plaintiff,
Appellant,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,
Defendant, Appellee.

No. 78–1314.

United States Court of Appeals,
First Circuit.

Submitted Dec. 6, 1978.

Decided March 14, 1979.

Rafael Carreras Valle, Rio Piedras, P. R.,
on brief for plaintiff, appellant.

Julio Morales Sanchez, U. S. Atty., and
Vilma J. Vilá Sellés, Asst. U. S. Atty., San

Juan, P. R., on brief for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Jorge Rafael Rico has appealed from the district court's affirmance of the Secretary of Health, Education and Welfare's denial of his application for disability benefits under the Social Security Act, 42 U.S.C. § 423. The Secretary had adopted the decision of the administrative law judge (ALJ), which the Appeals Council approved without an opinion, finding claimant not to be disabled.

Claimant alleges disability due to the effects of high blood pressure, heart trouble, and arthritis. He is in his mid-fifties and has completed high school and two years of college, with formal training in land surveying. As of early 1974, when claimant stopped working allegedly due to his disability, he had worked for ten years as an assistant engineer for the Puerto Rico government, supervising construction projects. Previously he had been employed for thirteen years as a draftsman for various government agencies.

The Secretary's decision to deny claimant benefits was based upon medical evidence consisting of reports by four physicians. Dr. M. Torres Rodriguez, claimant's treating physician, diagnosed claimant to be suffering from severe hypertension, a nervous condition, obesity, and moderate osteoarthritis. He reported that claimant did not complain of angina. He reported also that x-rays showed cardiomegaly and that there was dyspnea on exertion and diminished peripheral pulses. Dr. Torres made no mention of the extent of claimant's functional capacities. Dr. Dwight Santiago-Stevenson, a cardiologist, examined claimant and arrived at the following diagnosis: (1) exogenous obesity; (2) hypertensive cardiovascular disease; (3) cardiomegaly; and (4) congenital dilation of the right pupil, of unknown cause. Dr. Santiago-Stevenson found claimant's functional residual capacities to be complete. Dr. William Matos, a rheumatologist, also examined claimant and

diagnosed: (1) hypertensive cardiovascular disease; (2) organic heart disease; (3) hypertension; (4) cardiomegaly; and (5) degenerative heart disease. Dr. Matos found no evidence of angina. He evaluated claimant's functional residual capacities to be unimpaired, except for an intolerance for occupational hazards. Dr. Matos also recommended that claimant not work until he had a "complete neurological evaluation to rule out intercranial mass." Lastly, Dr. Ivan R. Perez Nazano conducted a neurological examination, the results of which were negative except for a tonic pupil. Dr. Perez made no report of claimant's functional residual capacities.

Claimant challenges the Secretary's decision first on the ground that the ALJ failed to give adequate consideration to his subjective complaints. Claimant in his written application for benefits complained of severe headaches, dizzy spells and leg cramps affecting his ability to drive, back pain, and numbness in his legs and hands. Three of the physicians' reports in the record refer to similar subjective complaints and claimant also mentioned these problems at the hearing before the ALJ. The ALJ's opinion neither referred to these complaints nor expressly found them to lack credibility. Rather, the ALJ reviewed and summarized the medical evidence and without elaboration declared it insufficient to support the claim of disability. While we are troubled by the complete lack of express findings on claimant's subjective complaints, we believe that determination was supported by substantial evidence.

 In claiming disability benefits based upon his subjective symptoms, claimant, who was represented by counsel, bore the initial responsibility of establishing that those symptoms were disabling, *Thompson v. Califano*, 556 F.2d 616, 618 (1st Cir. 1977). That means it was his obligation to "furnish requisite medical and other evidence within his grasp, *see* 42 U.S.C. § 423(d)(5), and show reasonable diligence in maintaining his claim." *Miranda v. Secretary of HEW*, 514 F.2d 996, 998 (1st Cir. 1975). This he

failed to do. We have recognized that "while pain is 'subjective', clinical techniques may shed some light on the probability of its existence, magnitude and disabling effects." *Id.* at 1000. The same can be said of dizziness and numbness. Yet, claimant submitted no medical evidence in support of his subjective complaints. Nor did he utilize the opportunity afforded by the oral hearing before the ALJ to develop the record on the precise nature, severity, and frequency of his subjective symptoms. Moreover, this is not a case in which the very nature of the medically-proven impairments makes the claim of disabling subjective symptoms seem inherently reasonable, as in *Miranda*, where a claimant with a serious back injury claimed disability due to related pain. At least to a layman, obesity and cardiovascular problems such as claimant's on their face would seem less certain to cause disabling pain. Furthermore, the medical evidence that the Secretary obtained gave no support to claimant's subjective complaints. None of the evaluations by the examining physicians indicated that claimant's medical ailments might be accompanied by pain, dizziness, or numbness, much less such subjective symptoms of disabling severity. Indeed, the reports indicate just the contrary. Regarding claimant's primary medical problem, cardiovascular disease, Dr. Matos stated that there was no evidence of angina, which none of the other physicians disputed. In addition, both Dr. Santiago-Stevenson and Dr. Matos rendered favorable evaluations of claimant's functional residual capacities. Accordingly, the medical foundation for claimant's claim of disabling subjective symptoms is insufficient to enable him to upset the Secretary's denial on the ground that the Secretary failed to consider those symptoms adequately. Nor do we feel that a remand is in order. We have said, "the Secretary is not at the mercy of every claimant's subjective assertions of pain." *Id.; see Reyes Robles v. Finch*, 409 F.2d 84, 87 (1st Cir. 1969). *See also Baith v. Weinberger*, 378 F.Supp. 596, 603 (E.D.Pa.1974). We reiterate, however, that administrative law judges should make specific findings when the issue of pain arises.

Claimant also contends that the Secretary failed to develop a full and fair record. We do not, however, find the Secretary's investigation to have been inadequate under the circumstances, *Miranda v. Secretary of HEW* 514 F.2d at 998. The Secretary supplemented the report of claimant's treating physician, Dr. Torres, by arranging for examinations by Dr. Santiago-Stevenson, a cardiologist, Dr. Matos, a rheumatologist, and Dr. Perez, a neurologist. Both Dr. Santiago-Stevenson and Dr. Matos submitted functional residual capacities reports. Surely it was claimant's responsibility to obtain one from Dr. Torres. Nor do we think the Secretary was deficient as regards the arranging of further examinations recommended by the reporting physicians. Upon Dr. Matos' suggestion that claimant should not work until having "a complete neurological evaluation to rule out intercranial mass," the Secretary had claimant examined by a neurologist. The neurologist, Dr. Perez, found no neurological problem, but did note a differentiation in pupil size, which he believed to be due to tonic pupil. He advised an ophthalmological consult, a psychiatric evaluation, and, if further symptoms developed, a brain scan. The Secretary had no obligation to have these further procedures conducted. Nothing in the record suggested that the apparent eye problem and possible psychiatric problems might be related to the symptoms upon which claimant had based his request for benefits. While the Secretary must make a reasonable inquiry into a claim of disability, he has no duty to "go to inordinate lengths to develop a claimant's case." *Thompson v. Califano*, 556 F.2d at 618. The Secretary's considerable efforts here to develop the medical evidence on behalf of this educated and represented claimant were more than adequate. Likewise, the Secretary cannot be faulted for failing to obtain the testimony of a vocational expert. Given the reasonableness of the Secretary's conclusion that claimant suffered no disability, a need for testimony as to the requirements and availability of various jobs did not arise.

Lastly, claimant argues that the delays he experienced in processing his complaint violated the Act. After receiving initial adverse decisions, claimant on March 11, 1975, filed a request for a hearing under 42 U.S.C. § 405(b). Having received no response after six months, on September 25, 1975 claimant inquired as to the status of his request. It was only on April 15, 1976, over thirteen months after claimant filed his request for a hearing, that receipt of that request was even acknowledged by the Secretary. Claimant at that time was told,

> "Due to the number of requests for hearings that are pending at this office there may be a delay before your hearing may be held. But you may be sure that it will be held as soon as possible."

The ALJ arranged to meet with claimant informally in early June 1976 and in July referred the case to a "Disability Determination Program." Finally, over eighteen months after claimant's request for a hearing was filed, the ALJ on October 1, 1976, held an evidentiary hearing and rendered his decision adverse to claimant on October 12.

42 U.S.C. § 405(b) affords a disability benefits claimant a right to a hearing within a reasonable time of his request. *Caswell v. Califano*, 583 F.2d 9, 15 (1st Cir. 1978). The delay here, for which the Secretary offers no justification, is clearly excessive. Claimant has not been harmed by the delay, however, since it has been held, after hearing, that he is not, in any event, entitled to benefits. Claimant's lack of entitlement moots any claim to relief on the basis of the delay.

*Affirmed.*