Emily C. MARTIN, et al., Plaintiffs,

v.

Charles A. LAUER, et al., Defendants.

Civ. A. No. 82–0587.

United States District Court, District of Columbia.

May 9, 1983.

John W. Karr and Mona Lyons, Washington, D.C., for plaintiffs.

Mary E. Goetten and Paul Blankenstein, Dept. of Justice, Washington, D.C., with whom J. Paul McGrath, Asst. Atty. Gen. and Stanley S. Harris, U.S. Atty., Washington, D.C., were on brief, for defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

The Court has before it Plaintiffs' Application for an Award of Attorneys' Fees and Expenses under 28 U.S.C. § 2412 (the "Equal Access to Justice Act" or "EAJA"), defendants' opposition thereto, plaintiffs' reply brief and the entire record herein. For the reasons set forth below, the Court will grant plaintiffs' application in part and deny it in part.

This suit was brought by plaintiffs, two Division Directors of the Office of Juvenile Justice and Delinquency Prevention ("OJJDP"), to challenge a memorandum issued by Defendant Lauer, Acting Director of OJJDP. The memorandum advised plaintiffs of legal restrictions upon their providing information to their attorneys in connection with a proposed lawsuit. Specifically, the memorandum proscribed the release of information that would violate the Privacy Act and required plaintiffs to seek approval from Lauer before releasing information that was exempt from disclosure under the Freedom of Information Act ("FOIA"). Further, the memorandum stated that plaintiffs should inform the agency about that information which they had already disclosed that violated these prohibitions.

Plaintiffs challenged the restrictions noted in the memorandum on the grounds that they violated their first amendment rights and the "whistleblower" provisions of the Civil Service Reform Act of 1978, 5 U.S.C. § 2301(b)(9). This Court rejected the whistleblower argument in its entirety and, while noting the importance of plaintiffs' first amendment rights, concluded that the memorandum was sufficiently narrowly drafted so as not to interfere with those rights. Plaintiffs appealed.

The Court of Appeals agreed with this Court on the whistleblower issue, but disagreed with this Court's balancing of the

plaintiffs' first amendment right to communicate with counsel. The Court of Appeals dealt separately with the two types of material involved in this case—material covered by the Privacy Act and FOIA-exempt material. With respect to the Privacy Act materials, the Circuit Court noted that although plaintiffs had represented that they had "no quarrel here with the Privacy Act exclusions," they vigorously contested this issue on appeal, perhaps because they "believe[d] they [were] under court order to comply with [the agency's directive in this respect.]" *Martin v. Lauer,* 686 F.2d 24, 27 (D.C.Cir.1982). Noting that the issue may be moot, the Court of Appeals remanded to the District Court to determine whether a genuine dispute existed. On remand, counsel for plaintiffs represented at a status call that no material covered by the Privacy Act was at issue. Thus, it became clear that this question was, in fact, moot *ab initio.*

The Court of Appeals did, however, find merit in plaintiffs' claim concerning FOIA-exempt material. The Court held that the Lauer Memorandum's restrictions cut "too deeply into the employee's first amendment rights." *Martin,* 686 F.2d at 34–35. Thus, the Court concluded that plaintiffs could not be required to "disclose all of their discussions touching on FOIA-exempt information." [1]

· [1, 2] In order to recover attorneys' fees under the Equal Access to Justice Act plaintiffs must demonstrate that they have prevailed on the merits of their claim. To meet this standard, they need not prevail on every issue, so long as "a significant one is resolved so as to achieve some of the benefit sought through the litigation." *See*

*Bonnes v. Long,* 599 F.2d 1316, 1318 (4th Cir.1979). *See also Grubbs v. Butz,* 548 F.2d 973, 975–77 (D.C.Cir.1976). Although plaintiffs clearly did not prevail on all issues, they did achieve some of the benefit they sought in that the part of the Lauer Memorandum prohibiting them from releasing FOIA-exempt material was declared to be overbroad. Accordingly, the Court holds that plaintiffs are "prevailing parties" entitled to recover under the EAJA.

That plaintiffs are entitled to recover, however, does not mean that they are entitled to the full amount they seek. Plaintiffs are not entitled to fees for time spent on issues on which they did not ultimately prevail, *see Copeland v. Marshall,* 641 F.2d 880, 891–92 (D.C.Cir.1982) (en banc), so long as the issues are truly fractionable. *Id.* at 892 n. 18. The claims presented here meet this standard.

From the start, this case has involved two types of restrictions—those placed on information covered by the Privacy Act and those applicable to FOIA-exempt material. As previously noted, plaintiffs prevailed with regard to the restrictions placed on FOIA-exempt materials whereas their Privacy Act claim should never have been litigated in the first place. Plaintiffs should not be compensated for the resources they expended championing a cause that was moot *ab initio.*[2]

Defendants also contest plaintiffs' recovery for time spent on their whistleblower claim. Plaintiffs advanced this theory as an alternative to their first amendment allegations, on which the Court of Appeals based its decision. While plaintiffs are entitled to no compensation for time

---

1. The Court's opinion did not confront the issue of whether plaintiffs could be required to inform the agency about what FOIA-exempt information they had already disclosed. This question was mooted by the Circuit Court's prior refusal to grant a stay of this Court's order requiring such disclosure. As a result of that order, plaintiffs had already reported to Lauer all documents they had disclosed to their attorneys.

2. The Court will not attempt to assign fault for the waste of resources caused by the litigation

of a moot claim. Defendants have attempted to convince the Court that the mootness of the Privacy Act claim is evidence of plaintiffs' bad faith and should preclude any award. It appears to the Court, however, that plaintiffs did make some effort to inform the Court of this situation at an earlier date. Therefore, it does not appear that affirmative misconduct was present. Nevertheless, plaintiffs should not be allowed to recover for time spent on these issues.

spent on severable issues on which they did not prevail, they may recover for any time spent advancing an alternative legal theory intended to remedy the same injury. *Id.* Accordingly, time spent on this theory should not be severed from the effort plaintiffs expended in general in pursuing their claims.

An Order consistent with the foregoing will be issued of even date herewith.

## ORDER

For the reasons set forth in the memorandum opinion of even date herewith, it is, by the Court, this 9th day of March, 1983, hereby,

ORDERED that within twenty (20) days of the date hereof counsel for plaintiffs and counsel for defendants shall meet and attempt to negotiate a settlement of the amount of attorneys' fees due to plaintiffs' counsel in light of this opinion; and it is further

ORDERED that if the parties are unable to agree, they shall submit to the Court on or before the twentieth (20th) day from the date hereof a statement attesting to their good faith negotiations and stating in what areas, if any, they have achieved agreement; and it is further

ORDERED that if the parties fail to agree, they shall submit memoranda to the Court according to the following schedule:

1. Plaintiffs shall submit a revised fee statement omitting fees assessed for time spent pursuing plaintiffs' Privacy Act claims, within thirty (30) days of the date hereof; and

2. Defendants may submit a short response to plaintiffs' revised statement, if necessary, within seven (7) days of the filing of that statement.

In the event that the parties fail to agree, the Court will review plaintiffs' statement and defendants' response thereto, if any, and will issue an order setting forth the precise amount of fees to be awarded.