ESTATE OF Romeo
DUPLISSIS, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary, United
States Department of Health and
Human Services, Defendant.

Civ. No. 83–0285 P.

United States District Court,
D. Maine.

July 16, 1986.

Michael A. Bell, Martha E. Geores, Bell & Geores, Portland, Me., for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

GENE CARTER, District Judge.

This is an appeal from an Order of the Magistrate denying Plaintiff's application for attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Court grants Plaintiff's appeal and awards fees under the EAJA.

### I. *History of the Case*

The claimant in this action, Romeo Duplissis, now deceased, initially applied for disability insurance benefits on June 7, 1982. After a hearing, the Administrative Law Judge found that Mr. Duplissis was disabled as defined in the Social Security Act and was entitled to benefits commencing January 1, 1982. After a discussion of the evidence, the ALJ enumerated seventeen findings in support of his conclusion that Mr. Duplissis was entitled to benefits, including that "the medical evidence establishes that since January, 1982, the claimant has had severe osteoarthritis, hypertension, chronic obstructive pulmonary disease, anxiety, depression, and a personality disorder." Record at 21. The ALJ found that Mr. Duplissis was unable to perform his former unskilled work and could perform only sedentary work, *id.*, and, therefore, because of his age and education level, the medical vocational guidelines directed a finding of disability. *Id.*, 19, 21.

The Appeals Council reversed, finding that Mr. Duplissis did not have a severe impairment. It further found that his "allegation of not being able to work due to pain in his back, hips, ribs, buttocks and legs is not credible as it [was] not supported by the clinical and diagnostic findings of record." Record at 13. The Appeals Council decision constituted the final decision of the Secretary.

Mr. Duplissis appealed to this Court, which, in an opinion by the United States Magistrate, reversed and remanded the action to the Secretary on two grounds. *Duplissis v. Heckler*, Civ. No. 83–0285–P (D. Me. July 24, 1984) (*Order*) at 9. The first concerned the Secretary's treatment of the evidence of pain. The Magistrate found that the Secretary did not have substantial evidence undercutting the reliability of the Plaintiff's testimony and, therefore, did not have sufficient grounds for rejecting the Administrative Law Judge's conclusion that Mr. Duplissis' testimony was credible. Order at 5. The Magistrate found to be reasonable, under the controlling precedent at the time of its decision, the Secretary's position that pain alone could not be disabling in the absence of a medical condition which could reasonably be expected to produce such pain. *Id.* at 7. However, the Magistrate found that under *Bishop v. Secretary of Health and Human Services*, Civ. No. 82–0388–P (D.Me. Nov. 2, 1983) (Order Remanding Cause to Secretary), decided after the Secretary's first decision in this case, the Secretary's regulatory interpretation was incorrect. The Magistrate determined that *Bishop* required the agency to evaluate a claimant's pain apart from any underlying physiological disorder.

As a separate basis for remand, the Magistrate found that the Appeals Council's findings and conclusions concerning Mr. Duplissis' emotional problems "lack[ed] the requisite particularity to enable meaningful judicial review." Order at 8. The Magistrate found that the Appeals Council did not properly apply the regulation listing basic work activities in determining the severity of the emotional impairment, *id.*, stating "[t]he psychologist's evaluation obviously suggests limits on Mr. Duplissis' capabilities which, if correct, contradict the Appeals Council's decision that the Plaintiff's emotional condition is not severe ... [T]he Appeals Council has pointed to no evidence contrary to the psychologist's evaluation." *Id.* at 9. Upon remand, the ALJ reaffirmed his original findings that the Plaintiff was disabled without conducting an additional evidentiary hearing, and that decision became the final decision of the Secretary.

## II. *Decision Below and Issue on Appeal*

Subsequent to the favorable decision after remand, Plaintiff applied to this Court for attorney's fees pursuant to EAJA. The Magistrate denied the application on the basis that the Secretary's position was substantially justified[1] because the order of remand was largely based on a court opinion rendered after the Secretary's decision. In addition, the Magistrate relied on Congress' subsequent codification into the Social Security Act of the Secretary's original position, which was that a claimant must present evidence of an underlying physical disorder in order to be found disabled based upon symptoms of pain. 42 U.S.C. § 423(d)(5)(A) (West Supp.1986).

In appealing the denial of fees, the Plaintiff makes the following arguments: (1) the Magistrate applied an erroneously lax standard because the Secretary failed to meet his burden on issues other than the assessment of pain as a disabling condition; (2) even if judicial precedent, decided subsequent to the Secretary's decision regarding the degree to which pain itself affects a claimant's ability to work was the sole basis for remand, the Secretary applied a fundamentally erroneous legal standard in this case because he disregarded medically determinable impairments which could rea-

---

**1.** The Secretary does not dispute that the Plaintiff is a prevailing party or that the fee application was timely, the other requirements for a fee award under EAJA. 28 U.S.C. § 2412(d)(1)(A), (B).

sonably explain Plaintiff's pain; (3) the conflict perceived by the Magistrate between judicial precedent and the Secretary's policy is based on nonacquiescence to court precedent.

### III. *Legal Standard for the Award of Fees Under EAJA: Substantial Justification*

■ In order to be substantially justified, the Government must show a reasonable basis for facts alleged, a reasonable basis in law for the theory advanced, and a reasonable connection between the two. *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir.1985); *Aldrich v. Heckler*, 609 F.Supp. 863 (D.Me.1985). As to factual determinations, the Secretary's burden is not met simply by a showing of "some evidence" but by a strong showing that his position was justified. *Washington v. Heckler*, 756 F.2d at 961; *Anderson v. Heckler*, 756 F.2d 1011, 1013 (4th Cir.1985); *Aldrich*, 609 F.Supp. at 865.

■ Both the Secretary's litigation position and administrative denial of benefits are to be considered the Secretary's "position" for purposes of a fee application under EAJA. *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir.1986). *See* H.Rep. No. 120, 99th Cong., 1st Sess., 12, *reprinted in* 1985 U.S. Code Cong. & Ad. News, 132, 140. It is the Government's burden to show that its position at every stage of the proceedings was substantially justified. *Herron*, 788 F.2d at 1130. When the Secretary's position at one stage of litigation is substantially justified, but at another stage unjustified, fees may be awarded for work incurred for the portion of the proceeding resulting from the Secretary's unjustified position. *Porter v. Heckler*, 780 F.2d 920, 921 (11th Cir.1986). The Court must examine the Secretary's position regarding each claim and in each phase. *Id.* at 922.

### IV. *Discussion*

Plaintiff argues that the Magistrate applied an erroneously lax standard in determining that the Secretary was substantially justified because the order of remand in this case identified errors other than the Secretary's failure to properly assess Plaintiff's pain as bases for remand. In particular, Plaintiff argues, that order contained a separate ground for remand based on Plaintiff's mental impairments. The Magistrate's opinion denying Plaintiff's fee award does not discuss this second basis of the decision.

The Magistrate may have omitted discussion of the Secretary's position with regard to the Plaintiff's psychological impairment on the ostensible basis that Plaintiff was not a prevailing party on that issue. Technically, this is so. While the ALJ reaffirmed his finding, after remand, that the Plaintiff's psychological impairment was severe, he ultimately based his conclusion that Plaintiff was entitled to benefits on exertional factors only. The ALJ did not find it necessary to carry the issue of Plaintiff's psychological impairment through the five-step disability analysis because 20 C.F.R.App. 2, § 200.00(e)(2) of the Secretary's regulations provides that when an individual suffers impairments resulting in both exertional and nonexertional limitations, the medical-vocational guidelines are to be applied to the exertional impairment first. In this case, the positive determination based on exertional factors obviated the need for a complete analysis of the Plaintiff's disability due to a mental impairment.

■ However, for purposes of a fee award under the Equal Access to Justice Act, a party may be deemed to be a prevailing party even if he does not ultimately prevail on all issues. *Martin v. Lauer*, 562 F.Supp. 503, 505 (D.D.C.1983), aff'd in part, rev'd in part on other grounds, 740 F.2d 36 (D.C. Cir.1984); *see also Garrity v. Sununu*, 752 F.2d 727, 734 (1st Cir.1984). Plaintiffs may be considered "prevailing parties" for attorneys' fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit. *See Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983). A social security claimant prevails when it is determined that he or she is entitled to benefits. *McGill v. Secretary of Health and Human*

*Services,* 712 F.2d 28, 31–32 (2d Cir.1983). *See also Conservation Law Foundation of New England v. Secretary of the Interior,* 790 F.2d 965, 968 (1st Cir.1986). As the Secretary concedes, there is no question that Mr. Duplissis was a prevailing party in this litigation. Therefore, each of the Secretary's positions must be examined to determine whether it was a substantially justified one.

■ In regard to Plaintiff's mental impairments, the Magistrate found, on appeal from the Secretary's denial of Plaintiff's benefits, that the Secretary's reversal of the ALJ's findings was based on an incorrect legal standard, not supported by substantial evidence and without the requisite particularized findings necessary for judicial review. *Order* at 8–9. Given the inadequacy of the Secretary's position on this issue, as illustrated by the Magistrate's findings, the Secretary cannot be found to have been substantially justified. *See* H.Rep. No. 120, 99th Cong., 1st Sess., 9–10, *reprinted* in 1985 U.S.Code Cong. & Ad. News, 132, 138 ("Agency action found to be . . . unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act").

■ The second basis for remand, as discussed above, was the assessment of pain as a disabling impairment.[2] Again, this Court concludes that the Secretary's position was not substantially justified.

In his initial decision, the Secretary adopted the position of the Appeals Council, which stated:

The Council is aware that the claimant has alleged severe pain as a basis for his disability. However, a claimant will not be determined to be disabled based on self-declaration alone, including pain . . . unless the clinical tests and laboratory findings show a medical or psychological condition that could be reasonably expected to produce symptoms of the severity alleged.

Record at 10. In a following discussion, the Appeals Council appears to conclude, although not expressly, that if the injury to the back itself is not severe, the resulting pain cannot be. *Id.* at 11. In support of this determination on appeal, the Secretary relied on his regulations, which state:

We will consider all your symptoms, including pain, and the extent to which signs and laboratory findings confirm these symptoms. The effects of all symptoms, including severe and prolonged pain, must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptom. We will never find that you are disabled based on your symptoms, including pain, unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms.

20 C.F.R. § 404.1529.

However, in *Bishop v. Secretary of Health and Human Services,* Civ. No. 82–0388–P (D.Me. November 2, 1983) (Order Remanding Cause to Secretary), decided after the Secretary's initial decision, this Court stated: "Pain, even that which cannot be traced to an objective clinical cause, may be sufficiently severe to be disabling under the Social Security Act." *Id.,* slip op. at 3. The Magistrate noted the conflict between authorities and remanded on the basis of *Bishop.*

It appears that *Bishop* did not purport to change the law in this area. In fact, the opinion cites two prior cases, *Miranda v. Secretary of Health, Education and Welfare,* 514 F.2d 996 (1st Cir.1975), and *Whittier v. Gardner,* 263 F.Supp 670 (D.Me. 1967), both of which squarely support the above quoted point. *See also Hicks v. Heckler,* 756 F.2d 1022, 1023 (4th Cir.1985), and cases cited therein. (It is well established that subjective complaints such as pain and physical discomfort can give rise to a finding of total disability, even when

---

**2.** This impairment was central to the ALJ's decision, after remand, affirming his original conclusion that Plaintiff was disabled. Plaintiff's

Application for Attorney's Fees, Exhibit 2, Notice of Recommendation Decision of Administrative Law Judge on Court Remand at 4–6.

those symptoms are not fully supported by objective observable signs.)

However, *Rico v. Secretary of Health, Education and Welfare,* 593 F.2d 431 (1st Cir.1979), which is not cited in *Bishop* and which was relied upon by the Secretary on appeal, arguably suggests that the absence of medical evidence of an underlying impairment alone is a ground for a denial of benefits based on subjective symptoms. 593 F.2d at 433.[3] Therefore, this Court agrees with the Magistrate that the Secretary's position on this aspect of this issue was substantially justified.[4]

Plaintiff, however, argues that in fact there was record evidence in this case of an underlying physical disorder which would reasonably be expected to produce pain. Therefore, counsel argues, it is irrelevant whether or not *Bishop* established that pain may be a basis for disability absent an objectifiable cause, because Plaintiff *did* demonstrate a medically determinable basis for pain. Even prior to *Bishop,* the Secretary could not entirely disregard symptoms of pain solely because the underlying impairment was relatively minor. *Dube v. Heckler,* Civ. No. 83–0066–P (D.Me. June 19, 1984) (Order Remanding Action), slip op. at 6 [Available on WESTLAW, DCTU database]. However, the *Bishop* decision made it unnecessary for the Magistrate to evaluate the existence of an underlying impairment before remanding the action.

There were numerous medical findings in the record of abnormalities in the claimant's spine. The medical evidence which the ALJ relied upon demonstrated osteoarthritis in Plaintiff's lumbosacral spine, numerous healed compression fractures of the lumbosacral spine, and degeneration of vertabrae. Record, pp. 125, 131, 134. The Report of Dr. John P. Greene indicated sensory loss in the claimant's left thigh and absence of ankle reflexes. Record at 125. In addition, the medical reports consistently noted Mr. Duplissis' complaints regarding back pain and pain along the left thigh for which he was prescribed Motrin and Naprosyn. Record at 124, 126, 127, 131, 134.

■ However, the Secretary's regulations required not simply an underlying medical condition for a finding of disability based on pain, but one expected to produce symptoms of the severity alleged. While the Secretary was substantially justified in finding that Plaintiff's underlying physical impairments were not severe, Record at 11, *Order* at 5–6, he failed to address directly whether a medically documented, though nonsevere, physical impairment could nonetheless produce disabling pain. It is common knowledge that back injuries produce pain. *See Rico,* 593 F.2d at 433 (serious back injury makes claim of disabling subjective symptoms inherently reasonable). Further, the Magistrate found that the Secretary was not substantially justified in rejecting the credibility of Plaintiff's testimony that he suffered such pain. In addition, the Secretary subsequently adopted, without any additional evidence, the ALJ's finding that Plaintiff's back condition and resulting pain were disabling. Thus, the Secretary rejected the same position he ultimately adopted without any additional evidence, while forcing the claimant to incur the expense of additional proceedings. *See Tressler v. Heckler,* 748 F.2d 146, 150 (3d Cir.1984) (Secretary would have to meet a strict standard of substantial justification where she rejected ALJ's finding of disability). Accordingly, the Court must conclude that the Secretary's position was not substantially justified.

---

**3.** However, in that case the Court noted that in addition to a failure to provide a medical explanation for his symptoms, the plaintiff did not present evidence of the precise nature, severity or frequency of the symptoms. 593 F.2d at 433.

**4.** Subsequent codification of the Secretary's position at 42 U.S.C.A. § 423(d)(5)(A), also relied upon by the Magistrate, is not indicative of the state of the law at the time of the Secretary's original decision. Indeed, the purpose of that enactment was to change the law. *See* H.Rep. No. 618, 98th Cong., 2d Sess. 13 *reprinted in* (1984) U.S.Code, Cong. & Ad.News 3038, 3050 ("Almost every circuit court of appeals has ruled at some point over the last ten years that eligibility should be based on subjective evidence of pain, at least in cases where it is corroborated by testimony of other witnesses").

The Court has reviewed the Plaintiff's fee request and determined that an hourly rate of Seventy-Five Dollars ($75.00) is reasonable, particularly in light of the fact that plaintiffs' attorneys have received higher hourly rates on numerous occasions. *See* Application for Attorneys' Fees, Exhibit 8. *See also Colasante v. Secretary of Health and Human Services,* Civ. No. 82–0056–P (D.Me. Feb. 14, 1984) (Memorandum and Order Awarding Attorney's Fees) [Available on WESTLAW, DCTU datebase]; *Ouellette v. Heckler,* Civ. No. 84–0129–P (D.Me. Nov. 28, 1984) (Memorandum and Decision on Request for Attorney's Fees). The Court has further reviewed the time spent on the appeal of this case and the manner in which it was spent and finds both to be appropriate and reasonable.

Accordingly, the Court *GRANTS* Plaintiff's Application for Attorney's Fees and Costs pursuant to the Equal Access to Justice Act in the amount of One Thousand Nine Hundred Seventy Dollars and Twenty-Five Cents ($1,987.25), and Thirty-Nine Dollars ($39.00) in costs.

So ORDERED.